IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

BOBBY B. DENSON         )
                        )
v.                      )   No. 3:06-0828
                        )   Judge Nixon/Bryant
SOCIAL SECURITY ADMINISTRATION  )

To:  The Honorable John T. Nixon, Senior Judge

**REPORT AND RECOMMENDATION**

This is a civil action filed pursuant to 42 U.S.C. § 405(g), to obtain judicial review of the final decision of the Commissioner of Social Security denying plaintiff's application for disability insurance benefits ("DIB"), as provided under Title II of the Social Security Act ("the Act"), as amended. Currently pending are plaintiff's motions for judgment on the administrative record (Docket Entry No. 11) and for judgment as a matter of law (Docket Entry No. 16), and defendant's motion for remand pursuant to the sixth sentence of § 405(g) (contained in its response to plaintiff's motion for judgment as a matter of law (Docket Entry No. 19)).  For the reasons given below, the Magistrate Judge recommends that these motions be DENIED and this case be DISMISSED as moot.

***Statement of the Case***

Plaintiff filed his DIB application on April 24, 2003, alleging disability commencing February 4, 2003 (Transcript of

the Administrative Record ("Tr.") 50-52). This application was denied at the initial and reconsideration levels of state agency review (Tr. 37-39, 42-43), and again at the hearing level by decision of an Administrative Law Judge ("ALJ") dated September 2, 2005 (Tr. 14-26). The agency's Appeals Council declined to review the ALJ's decision (Tr. 5-7), thereby rendering that decision the final decision of the Commissioner. 20 C.F.R. § 404.981. Plaintiff thereafter timely filed this action for judicial review on August 24, 2006. (Docket Entry No. 1)

Following the ALJ's denial of his DIB application on September 2, 2005, and in addition to pursuing his appellate remedies as described above, plaintiff filed a new application for DIB, as well as an application for Supplemental Security Income ("SSI") benefits, on September 27, 2005. These applications appear to have been denied at the initial and reconsideration levels of state agency review, prompting plaintiff to request an ALJ hearing. However, additional record review was undertaken by the agency in response to plaintiff's hearing request, and the agency thereafter notified plaintiff of the following "revised determination" on both applications, by separate letters dated November 15, 2007:

> As a result of our additional review, we are able to make a fully favorable medical decision and find that you meet the medical requirements for disability benefits. The onset of your disability is established as of 02/04/03. Therefore, it is not necessary to have your case decided at the hearing level. We have not

2

> yet made a decision about whether you meet the
> nonmedical requirements, but we will make that decision
> soon.  You will soon get a notice about the amount of
> your payments if you meet the nonmedical requirements.
>
> If you agree with our revised determination, you need
> take no further action and your hearing request will be
> dismissed.  If you disagree with our revised
> determination, you may request that the Office of
> Disability Adjudication and Review proceed with your
> pending request for hearing.  Your request should be
> made in writing and filed within 30 days from the
> mailing date of this notice.  Your request may be filed
> with any Social Security office.
>
> If you do not request that the Office of Disability
> Adjudication and Review proceed with your hearing
> within 30 days, but you change your mind at a later
> date, you may still request a new hearing.  This
> request should be in writing and filed with any Social
> Security office within 60 days of the date you received
> this notice.

(Docket Entry No. 16, Coll. Exh. A)

Upon receiving these notices, plaintiff filed his motion for judgment as a matter of law, arguing that the agency's subsequent finding of disability commencing February 4, 2003 "moots the issues before the Court in this civil action," and that the Court should enter a judgment adopting this finding by the agency (Docket Entry No. 16)

In response to this motion, defendant requests a remand to the Appeals Council pursuant to the sixth sentence of 42 U.S.C. § 405(g) for further agency consideration of the revised determinations, which defendant contends is proper inasmuch as the revised determinations are new and material evidence which were for good cause omitted from the prior record.  Defendant

3

further proposes the following post-remand proceedings:

> On remand, the Appeals Council will determine on what basis the DDS [(Disability Determination Services)] found Plaintiff **to be disabled** during a period when **he was previously found to be not disabled**. To that end, the Appeals Council will obtain the evidence upon which the subsequent applications were allowed. Further action by the Appeals Council will be determined based on its review of that evidence. Plaintiff will be informed of the action to be taken by the Appeals Council, and of his further rights with respect thereto.

(Docket Entry No. 19 at 2-3)(emphasis in original)

In reply to defendant's response brief, plaintiff disputes defendant's attempt to differentiate the second, favorable decision as made by the DDS, the state agency to which the federal Social Security Administration ("SSA") delegates initial review duties,[1] rather than by the SSA itself.[2]

---

[1] See 20 C.F.R. §§ 404.1503, 416.903 (describing the interplay between participating state agencies and the Social Security Administration).

[2] Plaintiff argues in his reply brief that the SSA itself issued the favorable decisions after reopening and revising the prior ALJ decision pursuant to 20 C.F.R. § 404.987 et seq. However, this does not appear to be the case. Rather, the content of these notices of revised determinations following plaintiff's request for an ALJ hearing appears to mesh with the prehearing case review procedures set out in 20 C.F.R. §§ 404.941 and 416.1441, which provide in pertinent part as follows:

> (a) *General.* After a hearing is requested but before it is held, we may, for the purposes of a prehearing case review, forward the case to the component of our office (including a State agency) that issued the determination being reviewed. That component will decide whether the determination may be revised. A revised determination may be wholly or partially favorable to you. ...
>
> (c) *Notice of a prehearing revised determination.* If we revise the determination in a prehearing case review, we shall mail written notice of the revised determination to all parties at their last known address. We shall state the basis for the revised determination and advise all parties of their right to request a hearing on the revised determination within 60 days after the date of receiving this notice.

4

Plaintiff further urges in his reply brief that the Court remand "with instructions to pay Plaintiff the benefits to which he is entitled." (Docket Entry No. 20)

### *Discussion and Conclusions*

The federal courts do not appear to have taken a unified approach to cases confronted with the issue here, where the administrative decision pending review is undermined by a subsequent agency finding of disability during the same time frame. Of course, differing resolutions will understandably result from the differing arguments that shape judicial review, as illustrated in the case at bar. Plaintiff first argues that the subsequent finding of medical disability moots the issues here, but that a judgment in his favor should nonetheless be

---

> (d) *Revised determination wholly favorable.* If the revised determination is wholly favorable to you, we shall tell you in the notice that the administrative law judge will dismiss the hearing request unless a party requests that the hearing proceed. A request to continue must be made in writing within 30 days after the date the notice of the revised determination is mailed.

Thus, it appears that defendant is correct in assuming that the 2007 determinations were reached without regard to the prior, contrary ALJ ruling, having slipped through the cracks in agency policy directing that, when a subsequent application is filed during the pendency before the Appeals Council of a prior claim, the subsequent application is to be flagged with a restriction on DDS's ability to establish an onset date earlier than the date of the ALJ's decision on the prior application. See POMS Emergency Message-99147 (Dec. 30, 1999)(quoted in, e.g., Martin v. Astrue, 2008 WL 1913882, at *4 n.4 (S.D. W. Va. Apr. 28, 2008). It is unclear whether the subsequent applications were ever flagged according to this policy, or whether the agency's directive was overlooked because of the back-and-forth between DDS and the Office of Hearings and Appeals. In any event, to plaintiff's point, it is clear from the language of these regulations and policies that cooperating state agencies are considered on the same footing as other components of the SSA. Therefore, any attempt by defendant in support of its request for remand to distance itself from the DDS is misplaced.

5

entered to incorporate that finding in this case. Plaintiff later argues that the judgment to be entered should remand the case with instructions to the Administration to make payment of all benefits to which he is entitled. Meanwhile, defendant argues for a sentence six remand without the entry of judgment by this Court, so that the Appeals Council may determine which of the conflicting agency decisions is correct. This report considers all outcomes suggested by the parties.

**Remand to Reconcile the Conflicting Decisions.** Only two types of remand from the reviewing district court are authorized in cases under 42 U.S.C. § 405(g), as described in the fourth and sixth sentences of that subsection. Melkonyan v. Sullivan, 501 U.S. 89, 99-100 (1991). The sixth sentence of § 405(g), invoked by defendant here, provides as follows:

> The court may, on motion of the Commissioner of Social Security made for good cause shown before the Commissioner files the Commissioner's answer, remand the case to the Commissioner of Social Security for further action by the Commissioner of Social Security, and it may at any time order additional evidence to be taken before the Commissioner of Social Security, but only upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding; and the Commissioner of Social Security shall, after the case is remanded, and after hearing such additional evidence if so ordered, modify or affirm the Commissioner's findings of fact or the Commissioner's decision, or both, and shall file with the court any such additional and modified findings of fact and decision, and, in any case in which the Commissioner has not made a decision fully favorable to the individual, a transcript of the additional record and testimony upon which the Commissioner's action in

modifying or affirming was based.
This subsection goes on to provide that "[s]uch additional or modified findings of fact and decision shall be reviewable only to the extent provided for review of the original findings of fact and decision."  42 U.S.C. § 405(g).

The district court retains jurisdiction over the case when remanding pursuant to sentence six, Marshall v. Comm'r of Soc. Sec., 444 F.3d 837, 841 (6th Cir. 2006), as opposed to a remand pursuant to sentence four of § 405(g), with which the district court concludes the litigation and relinquishes jurisdiction to the agency.  This critical distinction requires the remanding court to articulate which of the two types of remand is being ordered.  See Melkonyan, 501 U.S. at 101-02. "Sentence-six remands may be ordered in only two situations: where the [Commissioner] requests a remand before answering the complaint, or where new, material evidence is adduced that was for good cause not presented before the agency."  Id. at 841 n.2 (quoting Shalala v. Schaefer, 509 U.S. 292, 297 n.2 (1993)).

Assuming *arguendo* that a sentence six remand is even available to the Commissioner after the filing of his answer,[3]

---

[3] The language employed by the unanimous Melkonyan Court -- describing a sentence six remand as permissible upon either the government's motion before filing its answer, or "in light of additional evidence ... if **the claimant** shows good cause for failing to present the evidence earlier, 501 U.S. at 100 & n.2 (emphasis supplied) -- has prompted at least one district court to opine that the Commissioner is not authorized to seek a sentence six remand once his answer has been filed.  Goodwin v. Astrue, --- F.Supp.2d ----, 2008 WL 1875699, *5 (D. Neb. Apr. 29, 2008).  Cf. Sullivan v. Finkelstein, 496 U.S.

7

the undersigned must conclude that such a remand would be inappropriate in this case.  While there is circuit precedent (albeit unpublished and nonbinding) for remanding solely for the purpose of reconciling conflicting administrative determinations, <u>Wright v. Sec'y of Health & Human Servs.</u>, 1989 WL 58400 (6th Cir. June 5, 1989), the subsequent decision of the Supreme Court in <u>Melkonyan</u> (which itself involved overlapping, inconsistent agency determinations) made clear that such remand orders are invalid in the absence of further justification vis-à-vis either sentence four or sentence six.  Though defendant argues that a sentence six remand is justified because the decisions favorable to the claimant are both "new" and "material" within the Sixth Circuit's definition of those terms, and that good cause exists for the Commissioner's failure to incorporate these decisions into the prior record because they did not exist at the time the prior

---

617, 626 (1990)("The sixth sentence of § 405(g) plainly describes an entirely different kind of remand, appropriate when the district court learns of evidence not in existence or available **to the claimant** at the time of the administrative proceeding that might have changed the outcome of that proceeding.")(emphasis supplied); <u>Willis v. Sec'y of Health & Human Servs.</u>, 727 F.2d 551, 553 (6th Cir. 1984)(<u>quoting</u> Senate Report on 1980 amendment to § 405(g), wherein it was stated that existing law gave discretionary authority to the court to remand for good cause "on it's own motion or on motion of the claimant," and that amendment would continue to authorize such remand, but on a showing of newness, materiality, and good cause for failure to incorporate new evidence in earlier proceedings).  Though the language of § 405(g) does not compel this result, the undersigned finds logical appeal in this notion that the agency, having completed its inquisitorial function utilizing the expertise which entitles its decisions to the highly deferential "substantial evidence" standard of judicial review, and having satisfied itself that the record is sufficient to justify joining the adversarial fray by filing its answer to the district court complaint, should not be entitled to revisit its decision in light of the issues raised in the complaint without first conceding the merit of the plaintiff's claim in district court, à la sentence four.

8

record was completed, the undersigned must disagree.

Defendant identifies the decision notices themselves as the new evidence justifying remand, though the stated purpose of the remand request is to "obtain the evidence upon which the subsequent applications were allowed," and to undertake further proceedings as necessary from there. (Docket Entry No. 19 at 2-3) Aside from the fact that this stated purpose seems to envision the type of "further action" that § 405(g) authorizes only in the context of a **pre**-answer motion by the Commissioner, it is apparent that the object of the remand request is simply to reconsider the result in one or the other of the two conflicting decisions regarding DIB, if they prove to have been made on the same evidentiary record; or, at best, to consider in the first instance any heretofore unidentified evidence which was adduced in the time between the two decisions. Respectfully, the undersigned finds that sentence six does not authorize this speculative endeavor by the Commissioner upon plaintiff's showing of mere decision letters, which are themselves only suggestions of additional, noncumulative evidence. In addition, the definition of "material" evidence for sentence six purposes as "evidence that would likely change the Commissioner's decision," Bass v. McMahon, 499 F.3d 506, 513 (6th Cir. 2007), would seem to preclude the possibility of further harm to plaintiff's interests on remand, such as defendant appears to contemplate with its

9

proposed reconciliation of the conflicting decisions here.

Moreover, it would clearly be improper to allow the Commissioner to reconsider his separate award of SSI benefits on remand from these proceedings, which involve only plaintiff's April 2003 DIB application. Further orders by the Appeals Council with regard to plaintiff's prospective entitlement to SSI from his application date of September 27, 2005, as contemplated by defendant's motion to remand, would essentially allow an end run around the bar against the Commissioner appealing his own final decision. See, e.g., Gordon v. Sec'y of Health & Human Servs., 1990 WL 155314 (6th Cir. Oct. 15, 1990). Of course, the finality of these decisions may be abrogated, should defendant exercise its power to independently review the evidence upon which the 2007 awards were made, discover clear error, and thereupon elect to reopen the proceedings. See 20 C.F.R. § 404.987 et seq. Defendant may also revisit the issue of plaintiff's disability from time to time, pursuant to established continuing disability review procedures. 20 C.F.R. §§ 404.1588 et seq., 416.988 et seq. Future determinations as a result of such proceedings would be subject to administrative and judicial review. For now, however, the undersigned finds sentence six remand to be an inappropriate vehicle for enabling further review.

**Dismissal as Moot**.  The undersigned finds that plaintiff correctly argues the proper disposition of this case as moot. "The issue of mootness implicates the court's subject matter jurisdiction inasmuch as federal courts are limited by Art. III of the Constitution to deciding cases and controversies.  This requirement refers to 'live' controversies, those that persist in 'definite and concrete' form even after intervening events have made some changes in the parties' circumstances."  <u>Mosley v. Hairston</u>, 920 F.2d 409, 414 (6th Cir. 1990)(<u>quoting</u> <u>DeFunis v. Odegaard</u>, 416 U.S. 312, 317 (1974)).

The issue presented for review here -- plaintiff's entitlement to DIB under Title II of the Social Security Act, from his alleged onset date of February 4, 2003, to the date of the Commissioner's final decision on September 2, 2005 -- has been conceded with the agency's subsequent finding of medical disability, an intervening event which drastically changed the parties' circumstances.  There is no suggestion on this record that plaintiff will not in due course receive such benefits as were due and owing from that time period, if such benefits have not already been received.  All demands of plaintiff's complaint with respect to the Commissioner's denial of benefits have thus been met, and as such, there is no live controversy that "persist[s] in definite and concrete form" at this time between the parties.  <u>Mosley</u>, <u>supra</u>.  <u>Accord</u> <u>Byrd v. Astrue</u>, 2008 WL

920312 (N.D. N.Y. Apr. 2, 2008); <u>Thomas v. Barnhart</u>, 157 Fed.Appx. 714 (5th Cir. Dec. 12, 2005); <u>Hajek v. Shalala</u>, 30 F.3d 89, 91 (8th Cir. 1994); <u>Caldwell v. Barnhart</u>, 100 Fed.Appx. 724, 727 (10th Cir. June 4, 2004); <u>Wheeler v. Heckler</u>, 719 F.2d 595, 600 (2d Cir. 1983).

The Court's subject matter jurisdiction under § 405(g) has therefore expired, and further orders of the Court on the merits of plaintiff's DIB claim (as sought by plaintiff to endorse his entitlement to benefits) are precluded. While the mootness of the case does not dispose of the Court's ability to consider plaintiff's attorney fee request under the Equal Access to Justice Act (Docket Entry No. 1 at 2), the undersigned would submit that a fee award would not be proper in this case, where the merits were never reached by the Court and the litigation was apparently not the catalyst for the subsequent agency finding of disability. See <u>Perket v. Sec'y of Health & Human Servs.</u>, 905 F.2d 129, 132, 134 (6th Cir. 1990).

### *Recommendation*

In light of the foregoing, the Magistrate Judge recommends that the pending motions be DENIED and this case be DISMISSED as moot.

Any party has ten (10) days from receipt of this Report and Recommendation in which to file any written objections to it

12

with the District Court.  Any party opposing said objections shall have ten (10) days from receipt of any objections filed in which to file any responses to said objections.  Failure to file specific objections within ten (10) days of receipt of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation.  <u>Thomas v. Arn</u>, 474 U.S. 140 (1985); <u>Cowherd v. Million</u>, 380 F.3d 909, 912 (6th Cir. 2004)(en banc).

    **ENTERED** this <u>12th</u> day of June, 2008.

                                            <u>s/ John S. Bryant</u>
                                            JOHN S. BRYANT
                                            UNITED STATES MAGISTRATE JUDGE