# IN THE UNITED STATES DISTRICT COURT FOR
# THE MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| BOBBY B. DENSON | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 3:06-0828 |
| | ) Judge Nixon |
| JO ANNE B. BARNHART, | ) Magistrate Judge Bryant |
| Commissioner of Social Security,[1] | ) ) |
| Defendant. | ) |

## ORDER

Pending before the Court are Plaintiff Bobby B. Denson's ("Plaintiff") Motion for Judgment on the Administrative Record (Doc. No. 11) and Plaintiff's Motion for Judgment as a Matter of Law (Doc. No. 16). Defendant has filed a Response in Opposition to Plaintiff's Motion for Judgment as a Matter of Law ("Response") (Doc. No. 19), which specifically requests a remand pursuant to the sixth sentence of 42 U.S.C. § 405(g). Plaintiff has filed a Reply to the Response ("Reply") (Doc. No. 20). This case was referred to Magistrate Judge Bryant ("Magistrate Judge"), who issued a Report and Recommendation ("Report") that all motions be denied and this case be dismissed as moot. (Doc. No. 21). Neither party has filed any objections to the Report.

Plaintiff filed an application for Disability Insurance Benefits ("DIB") on April 24, 2003, alleging disability since February 4, 2003, which was denied at the initial, reconsideration, and

---

[1] Michael J. Astrue was sworn in as Commissioner of Social Security on February 12, 2007. Pursuant to Federal Rule of Civil Procedure 25(d)(1) and the last sentence of 42 U.S.C. § 405(g), Michael J. Astrue is automatically substituted as Defendant in the above-captioned case, and no further action is necessary to continue this case.

-1-

hearing levels of administrative review. See (Doc. No. 21 at 1-2). The Appeals Council declined to review the hearing decision and Plaintiff thereafter timely filed this civil action on August 24, 2006. Id. at 2. Additionally, Plaintiff filed a new application for DIB, as well as for Supplemental Security Income ("SSI") on September 27, 2005. Id. This second application was denied initially and upon reconsideration, after which Plaintiff requested a second administrative hearing. Id. In response to Plaintiff's hearing request, additional record review was undertaken by the Disability Determination Services ("DDS"), the state agency to which the Social Security Administration ("SSA") delegates initial review duties. Id. On November 15, 2007, the SSA notified Plaintiff of its "revised determination," which established a finding of disability commencing February 4, 2003. Id. at 2-3.

Upon receipt of the SSA's decision notices, Plaintiff filed a Motion for Judgment as a Matter of Law in the instant matter, contending that the agency's finding of disability "moots the issues before the Court in this civil action" (Doc. No. 16 at 2) and that the Court should remand "with instructions to pay Plaintiff the benefits to which he is entitled." (Doc. No. 20). In its Response, Defendant argues that a remand pursuant to the sixth sentence of 42 U.S.C. § 405(g) is appropriate for further agency consideration and for the Appeals Council to "determine on what basis the DDS found Plaintiff **to be disabled** during a period when **he was previously found to be not disabled**." (Doc. No. 19 at 2) (emphasis in original).

In his Report, the Magistrate Judge concluded that a remand pursuant to the sixth sentence of § 405(g) for the purpose of reconciling the conflicting agency decisions is not appropriate here. (Doc. No. 21 at 6-10). The SSA decision notices do not constitute "new and material evidence" that was not incorporated into the prior record for good cause, as required for

-2-

a post-answer sentence six request for remand. Id. Instead, as proposed by Plaintiff in his Motion for Judgment as a Matter of Law, the Magistrate Judge found that this case should be dismissed as moot, given that Plaintiff has been found at the agency level to be disabled and entitled to benefits. (Id. at 11-12). As such, there is no live controversy for the Court to dispel concerning Plaintiff's complaint regarding the agency's prior denial of benefits. Id.

After review, the Court hereby **ADOPTS** the Report in its entirety. Accordingly, the Court **DENIES as moot** Plaintiff's Motion for Judgment on the Administrative Record (Doc. No. 11) and Plaintiff's Motion for Judgment as a Matter of Law (Doc. No. 16). This Order terminates this Court's jurisdiction over the above-styled action and the case is **DISMISSED**.

It is so ORDERED.

Entered this the ___14th___ day of August, 2008.

JOHN T. NIXON, SENIOR JUDGE
UNITED STATES DISTRICT COURT

-3-